# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO.: 1:24-CR-00004 |
| Plaintiff, | : | JUDGE BARRETT |
| v. | :: | **SENTENCING MEMORANDUM OF THE UNITED STATES** |
| PAMELA S. MOORE, | : | |
| Defendant. | : | |

The defendant, Pamela S. Moore (hereafter "Moore"), committed money laundering. The parties have agreed that, after a 2-level decrease as a Zero-Point Offender and a 3-level decrease for acceptance of responsibility, that Moore should be sentenced to a term of imprisonment not to exceed 36 months, followed by a term of release to be determined by the Court. The government recommends a 36-month term of imprisonment, followed by three years of supervised release, the $100 mandatory special assessment, and restitution. The recommended sentence is sufficient but not greater than necessary to reflect the seriousness of the offense, promote just punishment, and afford adequate deterrence.

## BACKGROUND

The case against Moore stems from multiple bank investigations into Moore's banking activity beginning in 2020. In July 2021, Moore obtained a Tax Identification Number (TIN) for a business named PSM Custom Designs and Jewelry ("PSM"). (PSR, ¶ 13). Despite a website advertising PSM as a jewelry shop, Moore opened this

business at the direction of an individual(s) who was carrying out romance fraud schemes. (*Id.*) Moore knew that this business was fraudulent. opened to further the fraud schemes and was the sole signer on PSM bank accounts with multiple banks. (*Id.*) Despite Moore being warned about the fraudulent proceeds being funneled into the PSM bank accounts, Moore continued to utilize PSM to receive these proceeds. (*Id.*).

In November 2021, Moore was maintaining a PNC Bank personal bank account and a PSM business account. (PSR, ¶ 15). On November 8, 2021, Moore's PNC Bank business account received a wire in the amount of $500,000.00 from a JP Morgan Chase account in the name of the "Deborah Bolner Prost Trust." (*Id.*) On November 10, 2021, Moore then transferred $450,000.00 from the PNC Bank business account to the Gemini Trust Company, a cryptocurrency exchange, wherein the money was converted to Bitcoin and deposited into virtual wallets as designated by scammers. (*Id.*)

Between 2020 and 2023, Moore utilized personal and business accounts with multiple banks to receive approximately $8,205,115.40 in criminally derived funds. (PSR, ¶ 21). Because the majority of the criminally derived funds were rejected or returned, the actual loss to victims was determined to be $1,680,900.00. (*Id.*) Moore either converted the funds received to Bitcoin to send along to the scammers or used it personally. (*Id.*)

On January 4, 2024, a single-count Information was filed against Moore charging her with Money Laundering. (PSR, ¶ 1). On February 21, 2024, Moore pled

guilty via plea agreement. (*Id.*, ¶ 3). Neither party has an objection to the PSR. (*Id.*, Addendum).

## **LEGAL STANDARD**

The Sentencing Guidelines "should be the starting point and the initial benchmark for choosing a defendant's sentence." *United States v. Demma*, 948 F.3d 722, 727 (6th Cir. 2020) (internal quotations omitted). Accordingly, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007).

Then, the Court is required to consider the sentencing factors outlined in 18 U.S.C. § 3553(a). These factors include the following:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) . . . the sentencing range established . . . [by the Guidelines];
>
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . that . . . is in effect on the day of sentencing[;]

3

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The Court should impose a sentence sufficient but not greater than necessary to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *See* 18 U.S.C. § 3553(a).

## ARGUMENT

### A. Sentencing Guidelines Calculation

The United States agrees that the Guidelines range calculated in the PSR is accurate. The PSR calculated Moore's Guideline range to be 41 to 51 months imprisonment, based on a total offense level of 22 and criminal history category I.

Moore's plea agreement contains an agreed sentencing disposition that Moore should be sentenced to no more than 36 months imprisonment followed by a term of release to be determined by the Court. (ECF No. 3, ¶ 8). The plea agreement also provided for a total 3-level decrease for acceptance of responsibility. *Id*.

Moore's PSR assigned a base offense level of 8 under U.S.S.G. § 2S1.1 and then added 18 levels under U.S.S.G. § 2B1.1(b)(1)(J) due to the loss amount being greater than $3,500,000 but less than $9,500,000. (PSR, ¶ 28). The PSR correctly applied a one-level increase in offense level under U.S.S.G. § 2S1.1(b)(2)(A) because Moore was convicted under 18 U.S.C. § 1957. (*Id*.). Moore received a two-level decrease under U.S.S.G. § 4C1.1 because she was a "zero point offender." (*Id*. at ¶ 36). Moore received

4

a three-point reduction for acceptance of responsibility, resulting in a total offense level of 22. Moore received zero criminal history points, placing her in criminal history category I. (*Id.*, ¶ 42). Moore's resulting Guidelines imprisonment range is 41 to 51 months. (*Id.*, ¶ 79).

### B. Analysis of the 18 U.S.C. § 3553(a) Factors

The government recommends a sentence of 36 months imprisonment—a sentence that falls below Moore's Guideline range – as being sufficient but not greater than necessary and supported by the 18 U.S.C. § 3553(a) factors.

***The nature and circumstances of the offense***. The nature and circumstances of the instant offense support the government's recommended sentence. Moore knowingly and willfully participated in an ongoing romance fraud scheme after she herself had been initially victimized by the same scammers. Despite Moore's own initial, six-figure loss to the scammers, Moore deluded herself into participating in and furthering the scheme. Moore helped to victimize 3 individuals, 9 banks, and 3 companies. Moore did so even after being warned multiple times by banks and law enforcement that the nature of her transactions and the money that her accounts were receiving were fraudulent.

***History and characteristics of the defendant***. Moore's history and characteristics further support her recommended sentence. Moore has no prior criminal history and does not appear to have substance abuse issues that would need attention while on supervised release. The information learned in the investigation

would indicate that Moore did not initially set out to engage in criminal activity and was looking for companionship online.

***The need for the sentence imposed***. The government's recommended sentence will also serve the need for the sentence imposed. During this case, Moore was granted pretrial release. Moore has remained in full compliance with her bond conditions. The 36-month term of imprisonment the government has recommended promotes respect for the law and reflects the seriousness of her conduct. Although Moore has appeared to lead a law-abiding life up until this point, Moore played a critical role in laundering the fraud proceeds of scammers who preyed upon other individuals just like Moore. Notably, Moore participated in this scheme willingly and without any threat or intimidation by the scammers. The government's recommended time recognizes the degree of financial harm perpetrated against the individual victims, the multiple banks, and the multiple companies that were victimized during the course of this scheme. Additionally, the government's recommended time recognizes the increasing pervasiveness of "romance fraud" schemes, the pernicious targeting of older citizens, and the very real financial harm that can be inflicted even by those with relatively less culpable roles in such schemes.[1]

***Guidelines, unwarranted sentencing disparities, and policy statements***. The recommended sentence falls below the applicable Guideline

---

[1] "According to the FTC's *Protecting Older Consumers Report Protecting Older Consumers (2022-2023)*, older adults reportedly lost nearly $240 million to romance scams in 2022." https://www.dhs.gov/hsi/insider/romance-scams-protect-yourself#:~:text=According%20to%20the%20FTC's%20Protecting,to%20romance%20scams%20in%202022. (last visited August 16, 2024).

range. According to the United States Sentencing Commission's Judiciary Sentencing INformation ("JSIN"), in the last five fiscal years, 49 defendants had a primary guideline of §2S1.1 with a Final Offense Level of 22 and a Criminal History Category of I. *See* https://jsin.ussc.gov/analytics/saw.dll?Dashboard (last checked, August 14, 2024).[2] 48 defendants (98%) "received of a sentence of imprisonment in whole or in part, [and] the average length of imprisonment was 32 month(s) and the median length of imprisonment imposed was 36 month(s)." *Id.* The government's recommended sentence for Moore falls right on the median; given the facts and circumstances of this case, as well as Moore's lack of criminal history, the government believes 36 months is an appropriate term of imprisonment. Finally, the government has not identified any pertinent policy statements that would counsel against a term of imprisonment in this case.

## **CONCLUSION**

For the foregoing reasons, the United States asks the Court to sentence Moore 36-months imprisonment, followed by three years of supervised release,

---

[2] Defendants who received a §5K1.1 substantial assistance departure were excluded from this 49-defendant group.

$1,680,900.00 in restitution, and a mandatory $100 special assessment.

                                                Respectfully Submitted,

                                                KENNETH L. PARKER
                                                UNITED STATES ATTORNEY

                                                */s/Ryan A. Keefe*

                                                RYAN A. KEEFE (MA 687613)
                                                Assistant United States Attorney
                                                221 East Fourth Street, Suite 400
                                                Cincinnati, Ohio 45202
                                                Phone: (513) 684-3711
                                                Fax: (513) 684-6385
                                                Ryan.keefe@usdoj.gov